# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID ERWIN JONES, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-1038-F |
| STATE OF OKLAHOMA, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge Stephen P. Friot for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Initial reviews of Plaintiff's Complaint [Doc. No. 1] and Plaintiff's Application to Proceed In Forma Pauperis [Doc. No. 3] have been conducted pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). To the extent Plaintiff raises claims sounding in habeas, the Court should abstain from entertaining such claims. *See Younger v. Harris*, 401 U.S. 37 (1971). Additionally, the Court finds Plaintiff's claims against the public defender and the "Cleveland County Police Department" fail to state plausible claims upon which § 1983 relief may be granted. Thus, it is recommended Plaintiff's Complaint be dismissed without prejudice and his Application to Proceed In Forma Pauperis [Doc. No. 3] be denied as moot.

### I. Named Defendants and Claims Presented

Plaintiff's claims arise out of his incarceration in the Cleveland County Jail. In the body of his Complaint, Plaintiff names as defendants James Radford, identified as the public defender

appointed to represent him, and the "Cleveland County Police Station." [Doc. No. 1], 2.[1] Plaintiff contends his Sixth Amendment right to have assistance of a lawyer has been violated. According to Plaintiff, he sent a letter to Mr. Radford on August 20, 2017, but Mr. Radford did not respond. As relief, Plaintiff states he would like Mr. Radford "to have this case [dropped] and 500,000 for mental anguish and pain and suffering." [Doc. No. 1], 6.

He further states that his "Sixth Amendment right to medical treatment" was violated by the Norman Police Department, the Moore Police Department and the Cleveland County Jail. *Id.*[2] According to Plaintiff, he was "found under a tree gushing blood from my wrist from cutting[,] and [they] arrested me for armed robbery and put me in a cell without medical assistance." *Id.* at 7. As relief, he would "like the case to be [dropped] and a payment of 400,000 for mental anguish and pain and suffering." *Id.*

## II. Standard for Dismissal

Pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii), dismissal of a complaint is proper where the action fails to state a claim upon which relief may be granted or seeks monetary relief from one who is immune from such relief.

The Court's review of a complaint under § 1915(e)(2)(B)(ii) mirrors that required by Fed. R. Civ. P. 12(b)(6). The Court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Because Plaintiff is proceeding pro se,

---

[1] Plaintiff lists the "State of Oklahoma" in the caption of the case, but he neither includes the State in the body of the Complaint, nor asserts any claims against the State. Thus, the State of Oklahoma is not considered to be a defendant in this case.

[2] The Moore Police Department is not named as a defendant in this case, and it would not be a proper defendant for reasons set forth below.

his complaint must be construed liberally. *Id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Applying this standard, Plaintiff's action fails to state plausible claims for relief against Defendants.

### III. Analysis

#### A. Relief Plaintiff Seeks

To the extent Plaintiff seeks dismissal of the charges against him, his claim is in the nature of a habeas claim, and this Court should abstain from considering this case under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is warranted when three conditions are met: (1) there are ongoing state proceedings; (2) the state proceedings offer an adequate forum to hear the plaintiff's federal claims; and (3) the state proceedings implicate important state interests. *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

Plaintiff acknowledges there is an ongoing criminal proceeding against him in which he is charged with armed robbery.[3] In that proceeding, Plaintiff will be able to raise any federal or state defenses he has to the charges of armed robbery. Moreover, enforcement of a state's laws is an important state interest. *See Taylor*, *supra*. "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required

---

[3] The Court takes judicial notice of the Docket sheet in Case No. CF-2017-1154, *State of Oklahoma v. David Erwin Jones* (Cleveland County District Court). The docket sheet may be accessed at www.oscn.net (last accessed October 6, 2017).

3

to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (internal citation omitted). There do not appear to be any extraordinary circumstances in this case, and, therefore, this Court must abstain from considering Plaintiff's claims that the criminal charges against him should be dropped.

B. **Claims against the Public Defender**

Plaintiff's access to the courts claim against his public defender should also be dismissed. It is well-settled that public defenders are not proper defendants in a civil rights action.

To be liable under § 1983, the defendant must have acted under color of state law. "[P]ublic defender[s] do[ ] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Harris v. Champion*, 51 F.3d 901, 909 (10th Cir. 1995) (*quoting Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Thus, the claims against the public defender should be dismissed for failure to state a claim upon which relief may be granted.

C. **Claims against "Cleveland County Police Station"**

Plaintiff's claims against the "Cleveland County Police Station"[4] (the Jail) should also be dismissed. The Jail lacks an identity separate and apart from the county it serves and therefore is not a suable entity in a § 1983 action. *See, e.g., Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. June 21, 2000) (affirming dismissal of county jail as defendant in

---

[4] Based on Plaintiff's Complaint and the docket sheet of his criminal case, it appears Plaintiff is referring to the "Cleveland County Jail" rather than the non-existent "Cleveland County Police Station."

prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued"). Therefore, Plaintiff's claims against the Jail should be dismissed.

## RECOMMENDATION

It is recommended that the Court abstain from the exercise of its jurisdiction over claims sounding in habeas pursuant to the *Younger* abstention doctrine. Further, it is recommended that Plaintiff's claims against Defendants Radford and the "Cleveland County Police Department" be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii) because Plaintiff has failed to state claims upon which § 1983 relief may be granted. Finally, if this Report and Recommendation is adopted, it is recommended that Plaintiff's Application for Leave to Proceed In Forma Pauperis [Doc. No. 3] be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by October 27, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 6th day of October, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE